04-MC-50 ML
04-MC-52 ML

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAT EMERSON | : | |
| | : | No. 03-N-1793 (BNB) |
| VS. | : | U.S. District Court |
| | : | District of Colorado |
| WEMBLEY USA, INC., ET. AL. | : | |

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO AMEND ORDER**

---

Plaintiff Patricia Emerson, through counsel Zupkus and Angell, P.C., hereby submits her Motion to Amend Order. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff filed her Complaint against Wembley USA, Inc., Wembley, Inc., Ty Howard, and Jeff Goergen nearly two years ago on August 21, 2003. The discovery cut off date was over a year ago on April 30, 2004. Before the discovery cut off date, Plaintiff timely subpoenaed Dan Bucci for his deposition in Rhode Island. On May 12, 2004, Wembely USA, Inc. and Wembley, Inc. filed a Motion For Summary Judgment. In response to the Motion For Summary Judgment, Plaintiff filed a Motion For Continuance pursuant to F.R.C.P. 56(f). In her Motion For Continuance, Plaintiff made clear that she required certain information, which she expected to obtain during Mr. Bucci's deposition in order to adequately and fully respond to each argument set forth in the Motion For Summary Judgment. The U.S. District Court for the District Of Colorado allowed Plaintiff to continue with the deposition of Dan Bucci and did not rule on the Motion For Summary Judgment.

In the meantime, Dan Bucci filed a Motion To Quash the Subpoena in the U.S. District Court for the District Of Rhode Island. On March 26, 2004, Plaintiff filed a Motion To Enforce the Subpoena. This Court scheduled a hearing to take place during the end of July 2004 regarding the Motion To Quash Subpoena and Motion To Enforce Subpoena. During the hearing, this Court ruled that although the Subpoena issued by Plaintiff to Mr. Bucci was enforceable and valid, Plaintiff should proceed as soon as practicable after a verdict was reached in Mr. Bucci's criminal trial. The reason for the ordered delay of the deposition was for practical purposes. This Court reasoned that the criminal trial would end soon after the July 2004 hearing and Mr. Bucci would provide more information upon conclusion of the criminal trial.

At the time this Court issued its Order, it was thought that Mr. Bucci's criminal trial would be completed by the end of January 2005. However, the criminal trial resulted in a hung jury on several counts. Prosecutors decided to retry those issues that resulted in a hung jury. Mr. Bucci was to face a retrial on bribery-conspiracy charges beginning April 26, 2005. Before the second trial could commence, however, Mr. Bucci and other defendants moved for a change in venue. This Court stayed the date for the second trial to decide pre-trial motions, including the Motion For Change Of Venue. The trial was ultimately moved to Massachusetts and the second trial has just recently completed.

The second trial resulted in a guilty verdict on several of the charges. Mr. Bucci's attorney, Anthony Traini, has indicated that Mr. Bucci may appeal the decision. It is Plaintiff's position that she should be allowed to depose Mr. Bucci before the end of

appeals and as soon as possible. Therefore, Plaintiff respectfully requests this Court amend its Order to allow Plaintiff to depose Mr. Bucci at this time.

## II. ARGUMENT

Defendants initially argue in their Objection that the only reason for an amendment to this Court's Order is Plaintiff's change in strategy. Defendants state that Plaintiff initially asked to take Mr. Bucci's deposition after the close of his criminal trial. This statement is not correct. To be clear, Plaintiff's strategy has never changed. Plaintiff filed a Motion To Enforce Subpoena in the hopes that she would be allowed to depose Mr. Bucci without awaiting the close of the criminal trial. It was only because of this Court's Order that Plaintiff has not been able to conduct the deposition. Although Plaintiff would like Mr. Bucci to answer all of Plaintiff's questions without asserting the Fifth Amendment, it has never been a condition of Plaintiff's Motion. Plaintiff understood at the time she subpoenaed Mr. Bucci that he may assert the Fifth Amendment to many of her questions. It has always been Plaintiff's position that such answers are acceptable.

Also, it should be recognized that the U.S. District Court for the District of Colorado has previously ruled that Plaintiff timely subpoenaed Mr. Bucci and should be allowed to depose him before any decision with regards to the Motions For Summary Judgment be made and before trial commences. Defendants' assertion that Plaintiff has waited too long to depose Mr. Bucci and, therefore, should be precluded from doing so is illustrative of the obstructionist approach it has taken in this litigation from the very beginning and should be disregarded by this Court.

Lastly, Defendants argue that the Subpoena Duces Tecum served upon Mr. Anthony Traini should not be reinstated or enforced. Plaintiff does not intend to reinstate the Subpoena served upon Mr. Traini. The sole purpose of this Motion is to request that this Court allow Plaintiff to depose Mr. Bucci without further delay.

## III. CONCLUSION

It has now been over a year since Plaintiff first subpoenaed Mr. Bucci and Plaintiff still has not been able to depose Mr. Bucci. In the meantime, Plaintiff has been precluded from obtaining any relief for the injuries, which she claims. Plaintiff now requests this Court to amend its Order to allow Plaintiff to depose Mr. Bucci without any further delay.

**WHEREFORE**, and based upon the foregoing, Plaintiff respectfully requests this Court to amend its Order to allow Plaintiff to depose Mr. Bucci without any further delay. Plaintiff also requests such further relief as this Court deems just and proper.

PATRICIA EMERSON

By her Attorneys,

ZUPKUS & ANGELL, P.C.

_______________________________ *

Melissa Clack, Esquire
ZUPKUS & ANGELL, P.C.
555 E. Eighth Ave.
Denver, CO 80203
303-894-8948

* By Mr. Mone, per August 10, 2005 telephonic authorization of Ms. Clack.

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

Charles K. Mone, Esquire (Bar No. 5468)
123 Dyer Street
Providence, RI 02903
(401) 421-5123
(617) 241-3052

**CERTIFICATE OF SERVICE**

I, Charles K. Mone, hereby certify that on August 12, 2005, I served the forgoing **REPLY TO PLAINTIFF'S MOTION TO AMEND ORDER** by regular U.S. mail, postage prepaid, addressed to the following:

Kristen L. Mix, Esquire
SNELL & WILMER
1200 Seventeenth Street, Suite 1900
The Tabor Center
Denver, CO 80202

Patricia K. Rocha, Esquire
ADLER, POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

Anthony Traini, Esquire
56 Pine Street
Providence, RI 02903

Charles K. Mone, Esquire